## The People of the State of Illinois, Defendant in Error, v. Margaret Hood, Plaintiff in Error.

### Gen. No. 20,068.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 31, 1914.

### Statement of the Case.

Prosecution in the Municipal Court by the People of the State of Illinois against Margaret Hood for a violation of section 10 of the Motor Vehicle Act (J. & A. ¶ 10,010). Upon a jury trial the defendant was found guilty and fined fifty dollars and costs. To reverse the judgment, defendant prosecutes a writ of error.

The information alleged that plaintiff in error "heretofore, to-wit: On the 25th day of September, A. D. 1913, at the City of Chicago, aforesaid, did then and there, upon a public highway situated within the corporate limits of the City aforesaid, drive a motor vehicle at a speed greater than is reasonable and proper, having regard to the traffic and the use of the way, so as to endanger the life or limb or injure the property of any person. Informant further says that the above violation then and there occurred upon a public highway within the jurisdiction of the South Park Commissioners in violation of section 10, Illinois Motor Vehicle Law."

A motion to quash the information was made and overruled.

EDWARD H. MORRIS, for plaintiff in error.

MACLAY HOYNE, for defendant in error; E. E. WILSON and JAMES C. DOOLEY, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 1*—*when information sufficient to charge violation of statute as to speed.* An information charging a violation of section 10 of the Motor Vehicle Act (J. & A. ¶ 10,010) *held* not defective for the reason it charges the offense disjunctively, in that it alleges not only that defendant drove a motor vehicle "at a speed greater than is reasonable and proper having regard to the traffic and the use of the way," but also "so as to endanger the life or limb or injure the property of any person;" the violation of the statute is charged by the first clause, and the second clause may be regarded as surplusage.

2. AUTOMOBILES AND GARAGES, § 1*—*when allegation in information need not be proved.* In an information charging a violation of section 10 of the Motor Vehicle Act (J. & A. ¶ 10,010), an allegation that the violation occurred upon a public highway within the jurisdiction of the South Park Commissioners is immaterial and need not be proved, where there was another allegation in the information that the violation occurred upon a public highway in the city of Chicago, and that fact was proved.

3. AUTOMOBILES AND GARAGES, § 1*—*necessity of proof showing violation of statute within limitation period.* A conviction for a violation of section 10 of the Motor Vehicle Act (J. & A. ¶ 10,010) cannot be sustained where the proof does not show that the offense was committed within eighteen months before the commencement of the prosecution as required by the Criminal Code, div. IV, sec. 4 (J. & A. ¶ 4011), and this although the information is sufficient on its face to charge the commission of the offense within such time, since the information is not evidence and cannot supply the lack of proof.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.