**BRADY et al. v. UNITED STATES.\***

Circuit Court of Appeals, Eighth Circuit.
January 3, 1928.

No. 7788.

1. **Indictment and information ⊸71—In prosecution for using mails to defraud, count stating defendants' intention to defraud bank by inducing purchase of worthless notes held to set forth scheme with sufficient certainty (Pen. Code, § 215 [18 USCA § 338]).**

In prosecution under Penal Code, § 215 (18 USCA § 338), for using mails to defraud, count charging that defendants intended to defraud bank and officers by inducing purchase of worthless promissory notes and deposit of worthless collateral *held* to set forth scheme with sufficient certainty to acquaint defendants with charge against them and to enable them to prepare their defense.

2. **Indictment and information ⊸71—Scheme to defraud by use of mails is charged with sufficient particularity if· accused is apprised of what he will meet on trial (Pen. Code, § 215 [18 USCA § 338]).**

Though formation of scheme to defraud is essential element of offense of using mails to defraud within Penal Code, § 215 (18 USCA § 338), gist of offense is use of mails to execute such scheme, and it is therefore sufficient to charge scheme with such particularity as will enable accused to know what is intended and apprise him of what he will be required to meet; it not being necessary to plead scheme with all certainty as to time, place, and circumstance required in charging gist of offense.

3. **Indictment and information ⊸119—Where indictment for using mails to defraud charged unlawful use of mails, further allegation relative to depositing letter in post office held "surplusage" (Pen. Code, § 215 [18 USCA § 338]).**

In prosecution for using mails to defraud under Penal Code, § 215 (18 USCA § 338), in which indictment charged unlawful use of mails within statute, further allegation relative to depositing of letter in post office may be omitted as surplusage; "surplusage" being any allegation without which pleading would remain adequate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Surplusage.]

4. **Indictment and information ⊸119—Indictment is not bad for alternative statement which is surplusage.**

Indictment will not be held bad as in disjunctive or alternative, where alternative statement may be rejected as surplusage.

In Error to the District Court of the United States for the District of Kansas; Merrill E. Otis, Judge.

James E. Brady and another were convicted of using the mails to defraud, and they bring error. Affirmed.

See, also, 24 F. 399, 405.

*Rehearing denied April 19, 1928.

Clyde Taylor, of Kansas City, Mo., (Ernest S. Ellis, of Kansas City, Mo., on the brief), for plaintiffs in error.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. James E. Brady and Arthur J. Baxter, hereinafter called defendants, were charged by indictment containing three counts with violations of section 215 of the Penal Code, USCA tit.· 18, § 338. They were found guilty on each of ·the three counts and sentenced to serve five years in the United States Penitentiary on each count, the sentences to run concurrently.

Section 215, in part reads as follows:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, * * * shall,·for the purpose of executing such scheme or artifice * * * place, or cause to be placed, any letter * * * in any post office, * * * or authorized depository for mail matter, to be sent or delivered, * * * or shall take or receive any such therefrom, * * * or knowingly cause to be delivered by mail according to the direction thereon, * * * any such letter, * * * shall be fined not more than one thousand dollars, or imprisoned not more than five years, or both."

The assignments of error are all directed to the sufficiency of· the indictment. Since the second and third counts of the indictment are substantially like the first, in discussing the questions raised, we shall refer only to the first count of the indictment.

In their brief, counsel for defendants assign three principal reasons why count 1 of the indictment is insufficient, namely:

(1) "Because it charges a scheme to obtain money by false pretenses, and the specification does not sufficiently charge the elements of such a scheme."

(2) "Because it alleges the defendants *deposited or caused to be deposited* the letters in question."

(3) Because "it alleges that the pretenses were to be made to the Bank of Inman, but that the persons who were to be defrauded and whose money was to be obtained were (not the bank, but) its officers, directors, stockholders, and depositors."

[1] Count 1 charged that the defendants, and certain other named persons not parties to this writ of error, did "devise and intend to devise a scheme and artifice to defraud A.

Bartels, the Bank of Inman," and "the officers, directors, stockholders, and depositors of the Bank of Inman, * * * by obtaining money and property by means of false and fraudulent representations, pretenses and promises." It further alleged that the scheme and device was as follows: That defendants, in order to induce the Bank of Inman to purchase from the defendants two promissory notes for $3,000 each, one signed by R. M. Stout, and the other purporting to be signed by L. A. Daughty, and to induce such bank to pay certain moneys and advance certain credits to the defendants on such notes, would represent to A. Bartels, cashier of the Bank of Inman, that said notes were legal, valid, subsisting obligations of the individuals whose names were signed to such notes, and that such notes were worth their face value and would be paid in full when due by the makers thereof, and would agree that defendants would deposit with said notes in the Bank of Inman as collateral security thereto certificates of deposit of the Vernon State Bank of Vernon, Kan., each for the sum of $3,000, and would represent to such cashier that such certificates of deposit were bona fide certificates of deposit of the Vernon State Bank. It further alleged that said notes were entirely worthless, and of no value, for the reason that the one purporting to be signed by L. A. Daughty as maker was a forgery and was signed with the name L. A. Daughty by defendant James E. Brady without any authority so to do, and for the reason that R. M. Stout was financially irresponsible and would be unable to pay the note signed by him at the time the same became due, and that the certificates of deposit were not bona fide certificates of deposit issued in due course by the Vernon State Bank, but had been prepared and issued by the defendant Arthur J. Baxter without authority of such bank and without such bank receiving anything of value for the issuance thereof. It further alleged the consummation of the scheme by the false and fraudulent pretenses and means above stated, and that the Bank of Inman paid out of its assets for said notes the sum of $5,920. It further alleged that the defendants at all times knew that the representations, pretenses, and promises to be made and which were in fact made were false and fraudulent, and that they intended thereby to defraud the Bank of Inman, its officers, directors, stockholders, and depositors out of money and property.

[2] While the formation of a scheme or artifice to defraud is an essential element of the offense defined in section 215, supra, the gist of the offense is the use of the mails for the purpose of executing or attempting to execute such scheme, and it is therefore sufficient to charge the scheme with such particularity as will enable the accused to know what is intended and to apprise him of what he will be required to meet on the trial. Horn v. U. S. (C. C. A. 8) 182 F. 721, 727; Brooks v. U. S. (C. C. A. 8) 146 F. 223, 227; Redmond v. U. S. (C. C. A. 1) 8 F.(2d) 24, 28; Foster v. U. S. (C. C. A. 6) 178 F. 165, 171. The scheme need not be pleaded with all the certainty as to time, place, and circumstance required in charging the gist of the offense. Savage v. U. S. (C. C. A. 8) 270 F. 14, 18; Gardner v. U. S. (C. C. A. 8) 230 F. 575, 578; McClendon v. U. S. (C. C. A. 8) 229 F. 523, 525; Brooks v. U. S., supra; Chew v. U. S. (C. C. A. 8) 9 F.(2d) 348, 351; Mathews v. U. S. (C. C. A. 8) 15 F.(2d) 139, 143. It is our opinion that count 1 set forth the scheme with sufficient certainty to acquaint the defendants with the charge against them and to enable them to prepare their defense, and that it was sufficient under the rules above stated.

[3] After charging the formation of the scheme, the first count alleged that "defendants, * * * in execution of said scheme * * * and to further the purposes of the same, * * * did * * * knowingly, willfully, unlawfully, and feloniously cause to be delivered to the Bank of Inman, at Inman, Kansas, through the United States mails, by the United States post office at Inman, Kansas," a certain letter. It then set out the letter. It then alleged in an explanatory way that such letter *"had theretofore been deposited, or caused to be deposited,* by said defendants in the United States post office at Kansas City, Missouri."

Counsel for defendants assert that the allegation last quoted is in the alternative, and for that reason vitiates the indictment.

It will be noted that section 215 defines three ways in which the mails may be used unlawfully: First, by depositing the letter or other matter in the post office to be sent or delivered by the post office establishment of the United States; second, by taking or receiving "any such therefrom"; third, by causing the letter or other matter to be delivered by mail according to the direction thereon. Count 1 charged an unlawful use of the mails under the third provision of the statute. The allegation relative to the depositing of the letter in the United States post office at Kansas City, Mo., was not an allegation of any essential element of the offense charged, but merely an allegation of certain facts and cir-

cumstances surrounding the commission of the crime charged. Salinger v. Loïsel, 265 U. S. 224, 233, 44 S. Ct. 519, 68 L. Ed. 989; Horner v. U. S., 143 U. S. 207, 213, 12 S. Ct. 407, 409 (36 L. Ed. 126). In the latter case, the Supreme Court said:

"The allegation of the count, that such circular had been knowingly deposited, and caused to be deposited, by Horner, in the post office at New York, addressed to Mrs. Schuchman at Belleville, Illinois, and that such circular was then and there carried by mail for delivery to her at said Belleville, according to the direction so upon it, is inserted merely to show how the circular came to be in the mail; but the gravamen of the charge is, that Horner unlawfully and knowingly caused the circular to be delivered by mail to Mrs. Schuchman, at Belleville, Illinois, in the Southern district of Illinois."

Surplusage has been defined as follows: "Any allegation without which the pleading would remain adequate in law." 31 C. J. p. 747, § 304; Mathews v. U. S. (C. C. A. 8) 15 F.(2d) 139, 142. "Matter which may be omitted from the indictment without injury to the sense or detriment to the material averments." 31 C. J. p. 747, § 304: "Any fact or circumstance laid in the indictment which is not a necessary ingredient of the offense." Johnson v. Biddle (C. C. A. 8) 12 F.(2d) 366, 369. See, also, Meyer v. U. S. (C. C. A. 7) 258 F. 212, 215; Smith v. U. S. (C. C. A. 8) 17 F. (2d) 723, 724; U. S. v. Noveck, 271 U. S. 201, 203, 46 S. Ct. 476, 70 L. Ed. 904.

In People v. Evanoff, 45 Cal. App. 108, 111, 187 P. 54, 56, the court said:

"The test of the sufficiency of the indictment is that it alleges acts and facts which constitute the offense, and is direct and certain as to the party and the particular offense charged. * * * Where the indictment sufficiently charges the defendant with the crime, it is not impaired by the subsequent statement therein of the facts or circumstances under which it was committed, unless such statement of itself constitutes a negation of the crime."

The allegation relative to the depositing of the letter in the post office at Kansas City, Mo., is no part of the gravamen of the charge. Count 1 is adequate in law without such allegation. It alleges facts which are not a necessary ingredient of the offense charged. It may be omitted without injurious effect to the material allegations. Therefore it is surplusage.

[4] An indictment will not be held bad as in the disjunctive or alternative where the alternative statement may be rejected as surplusage. 31 C. J. p. 746, Sec. 302; People v. Hood, 191 Ill. App. 33.

We are not called upon to decide whether the third ground of attack upon count 1 of the indictment would have merit, if true, because it has no foundation in fact. The indictment charged that the scheme was devised to defraud and intended to defraud and actually did defraud the Bank of Inman.

We conclude that count 1 of the indictment was sufficient, and the judgment and conviction on each count is therefore

Affirmed.