### WHEELER v. UNITED STATES.
### No. 7689.

Circuit Court of Appeals, Ninth Circuit.
April 29, 1935.

Wm. G. Condron, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Jack L. Powell, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

GARRECHT, Circuit Judge.

Appellant and three others were indicted for the crime of using the mails to defraud (18 USCA §§ 88, 338). The indictment contained twenty-three counts, including a conspiracy count, and the jury returned a verdict of not guilty as to all defendants on all counts, except as to the eighteenth count, under which appellant alone was convicted. From the judgment of the court based upon that verdict, defendant Wheeler brings this appeal.

Asserting that possession of certain vast areas of land in Southern California was held under invalid title, the defects dating back to Spanish and Mexican days in the state, and that such land was still government land and open to homestead, defendants held themselves out, either singly or in groups, as being in a position to assist citizens in placing homestead claims upon various portions of these lands. A cash retainer fee was usually collected by defendants for their services in placing the homestead applications on file in the land office and, as well, they caused the prospective homesteader to execute a retainer contract by which defendants secured an interest in the property expected to be realized when patent was issued. In some instances the entire retainer was paid in cash. Also some of the homesteaders made cash donations to assist in carrying the expenses of defendants. The retainer contracts were sometimes sold by the defendants to private parties. As much of the land, pointed out by defendants as being open for homesteading, was improved and very valuable, they collected large sums of money for their services. Meetings were held for these homesteaders, at which defendant Wheeler or others presided and spoke and pamphlets and letters were sent through the mails.

In each instance the claim filed in the Land Office was rejected and deposit refunded. The defendants prosecuted appeals to the Commissioner of the General Land Office in Washington for many of the homesteaders, but not one was successful.

Some witnesses for the government testified that they had filed upon land on which others had previously filed, and that they had relinquished these duplicate filings and accepted in their stead retainer contracts assigned to them by defendants.

The indictment prefaced the first count with an outline of the alleged scheme and the representations alleged to have been made by defendants to their clients and charges in it and the subsequent counts, specific acts of mailing. The last count charges a conspiracy. The eighteenth count, under which Wheeler was convicted, charged the sending through the mail of a pamphlet, bearing upon the cover the words: "The Betrayers of the United States. The Vigilantes will elect the next President of the U. S. A. Selling 'Mexican Grants' or 'Looting the Public Domain.'" It recited on the last page that it was "Published by H. N. Wheeler," and was addressed to Miss Lurinda Webb, and by her received through the mails.

■ Each count of the indictment, following the first, recited· that the·grand jurors re-alleged and incorporated in it, "as if again set forth at length, all of the allegations of the first count," "except those allegations alleging the mailing and receipt referred to in said count and describing said receipt." The eighteenth count contained a similar paragraph, also alleging the mailing as above referred to. Appellant contends that, as the jury found Wheeler and the others not guilty under count 1, that count was expunged from the. indictment, and therefore count 18 was insufficient; the essential elements of the scheme and artifice being missing. This contention cannot be upheld.

"One count may refer to matter in a previous count so as to avoid unnecessary repetition; and, if the previous count be defective or is rejected, that circumstance will not vitiate the remaining counts, if the reference be sufficiently full to incorporate the matter going before with that in the count in which the reference is made. Blitz v. United States, 153 U. S. 308, 317, 14 S. Ct. 924 [38 L. Ed. 725]." Crain v. United States, 162 U. S. 625, 633, 16 S. Ct. 952, 954, 40 L. Ed. 1097.

See Foster et al. v. U. S., 178 F. 165, 171 (C. C. A. 6); Glass v. U. S., 222 F. 773, 780 (C. C. A. 9); Linn v. U. S., 234 F. 543, 545 (C. C. A. 7); Fuller v. U. S., 53 App. D. C. 88, 288 F. 442, 444; Chew v. U. S., 9 F. (2d) 348, 353 (C. C. A. 8); Barnard et al. v. U. S., 16 F.(2d) 451, 453 (C. C. A. 9); Nichols et al. v. U. S., 48 F.(2d) 46 (C. C. A. 5); Asgill v. U. S., 60 F.(2d) 780, 783 (C. C. A. 4); and McClintock v. U. S., 60 F.(2d) 839 (C. C. A. 10).

■ Appellant's next point is that the court erred in overruling his demurrer to the indictment, made upon the ground of indefiniteness, both as to the facts set forth and the offense charged, so that the accused was not fully informed of the precise nature of the charge against him. Without setting forth the indictment at length (to do so would lengthen this·opinion to no purpose), we are of opinion that the indictment fully and adequately sets forth the offense against the laws of the United States with sufficient definiteness to fully acquaint defendants with the precise crime charged and affords a basis for a plea of former jeopardy. Mr. Justice Sutherland, in Hagner v. U. S., 285 U. S. 427, 431, 52 S. Ct. 417, 419, 76 L. Ed. 861, said: "The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" Cases cited.

The Circuit Court of Appeals for the Eighth Circuit said in Brady v. U. S., 24 F.(2d) 397, 398: "While the formation of a scheme or artifice to defraud is an essential element of the offense defined in section 215, supra [Criminal Code, 18 USCA § 338], the gist of the offense is the use of the mails for the purpose of executing or attempting to execute such scheme, and it is therefore sufficient to charge the scheme with such particularity as will enable the accused to know what is intended and to apprise him of what he will be required to meet on the trial." This language is quoted in Havener v. U. S., 49 F.(2d) 196, 198 (C. C. A. 10).

■ Appellant, in his brief, contends that: "The court erred in its refusal to sustain the objection of the defendants to the introduction of any testimony without limiting the same to the particular defendant to which it applied." Rule 11 of the Rules of Practice of this court requires that the assignment of errors set out separately and particularly each error intended to be urged, that, when the error alleged is to the admission or rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected, and that, when the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis. The assignments upon which the above statement is based do not comply with the rule, in that they do not separately and particularly set forth the error intended to be urged; they are too general. Not complying with the rule, they are to be disregarded as not properly before us.

■■ In his specification of errors, appellant complains of the sending of certain exhibits to the jury pursuant to request by the jury made after retiring. This point is not open for discussion, for the reason that appellant has failed to include it in his assignment of errors. However, we are of opinion that the court did not err in send-

ing these exhibits to the jury room because the jury was entitled to inspect them if they were in evidence. Silkworth v. U. S., 10 F.(2d) 711, 721 (C. C. A. 2).

Appellant urges upon us that, unless two or more are found guilty under a charge of conspiracy, the conviction must fail; that three of the four defendants were found not guilty, and only one, appellant, Wheeler, found guilty. Therefore the judgment cannot stand. In this argument appellant loses sight of the fact that the conspiracy is charged only in the last count and that the preceding counts, including the eighteenth, related to specific offenses and were not confined to acts done pursuant to a conspiracy. A scheme to defraud need not have several participants; it may be formed in the mind of one person and carried out by him. The government showed a scheme, and it was alleged that the matter referred to in count 18 was mailed in pursuance thereof. The government does not limit its charges to all jointly, but says:

"It was part of said scheme and artifice that the defendants should and they did act through, by and under their own names and the name of the Citizens' Land Association."

"Where the crime charged is part of a plan or system of criminal action, evidence of other crimes near to it in time and of similar character is relevant and admissible to show the knowledge and intent of the accused and the act charged was not the result of accident or inadvertence. This rule is often applied where the crime charged is one of a series of swindles or other crimes involving a fraudulent intent for the purpose of showing this intent." 16 C. J. p. 591, § 1140.

Judgment affirmed.