**UNITED STATES v. TAYLOR.**

**No. 46, Docket 22776.**

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1953.

Decided Oct. 29, 1953.

Courtney Townsend Taylor, per se.

J. Edward Lumbard, U. S. Atty., New York City, for the United States. Leon Silverman, Asst. U. S. Atty., New York City, of counsel.

Before CHASE, Chief Judge, and CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellant, having waived indictment, pleaded guilty on June 22, 1951 on all counts of a multiple count information filed on June 21, 1951 in the District Court for the Southern District of New York charging violations of § 2314 of Title 18 U.S.C. He was sentenced on that day on all counts, some of the sentences running concurrently and others consecutively, the over-all sentences being fifteen years and he is presently confined in a Federal penitentiary pursuant to that judgment.

This appeal is from the denial on April 23, 1953 of his motion under Title 28 § 2255 U.S.C. to vacate such sentence. 111 F.Supp. 159.

The questions now raised are whether the information was sufficient and whether the statute of limitations is a bar.

The charging portion of the information consisted of two paragraphs, as follows:

"1. Courtney Townsend Taylor, the defendant, at the Southern District of New York, did wilfully, knowingly and with unlawful and fraudulent intent transport and cause to be transported in interstate commerce falsely made and forged securities, to wit, checks drawn on fictitious and non-existent bank accounts, knowing the same to have been falsely made and forged."

"2. The aforesaid allegation is hereby realleged for counts one to 225 inclusive."

Following paragraph 2 are separate lines, designated counts and numbered from 1 to 225 inclusive, in each of which a check is described by date, amount, payee, the bank on which drawn, the account on which drawn and the place outside the state of New York from which it was sent to the Southern District of New York, ditto marks being used where appropriate.

By reference, the allegations in paragraph 1 were made a part of each numbered count to the same effect as though they were repeated in *haec verba* in each such count. Crain v. United States, 162 U.S. 625, 633, 16 S.Ct. 952, 40 L.Ed. 1097; Blitz v. United States, 153 U.S. 308, 317, 14 S.Ct. 924, 38 L.Ed. 725; Wheeler v. United States, 9 Cir., 77 F.2d 216, 218. And so read each count was sufficient in that it charged the offense with enough particularity to enable the defendant to prepare his defense, and to plead a conviction or an acquittal as a bar to a subsequent prosecution for the same offense. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861.

As the earliest date of a check described in the information was April 20, 1950, there is nothing to indicate that the statute of limitations had run but, in any event, the appellant's attempt to raise that issue for the first time on this motion comes too late. Forthoffer v. Swope, 9 Cir., 103 F.2d 707, 709.

Order affirmed.