**Philip Carl ORNELAS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15036.**

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1956.

Philip Carl Ornelas, in pro. per.

Franklin P. Rittenhouse, U. S. Atty., Howard W. Babcock, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before DENMAN, Chief Judge, and LEMMON and HAMLEY, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal in a 28 U.S.C. § 2255 proceeding from a judgment of the district court denying a motion to vacate and set aside a judgment and life sentence in a jury tried case. In it appellant, an Indian, was convicted in the United States District Court for the District of Nevada on June 24, 1954, of a second degree murder of one Daisy Morgan (a 73 or 74 year old Indian woman) "within Indian country" near Reno, Nevada, in violation of Section 1111 of 18 U.S.C. Federal jurisdiction for the trial under 18 U.S.C. § 1153 is not questioned, since Daisy Morgan was killed in the Reno Indian Colony. There was no appeal from this conviction.

Appellant on April 5, 1954, pleaded guilty to an indictment hereafter described. On April 21, 1954, he withdrew this plea and pleaded not guilty. Appellant contends that he had nothing to do with the withdrawal of the guilty plea, and that the court not only set aside the plea, but dismissed the indictment, and hence there was no valid indictment in effect when he was tried. This contention is objectionably frivolous since the indictment dismissed is plainly one in a different case having a different number.

The indictment read in its pertinent part that Ornelas "did, with malice aforethought but without premeditation, murder Daisy Morgan." Ornelas contends that this indictment, with the statement that the murder was "without premeditation" and without alleging any *facts* constituting "malice aforethought" as distinguished from premeditation, charged only second degree murder and that the court erred in requiring the trial to proceed as in a charge of first degree murder.

Nowhere does the record show that the prosecution advised Ornelas before the trial began that the "malice aforethought" was the thought to commit "rape" rather than the thought to commit robbery, burglary or arson.

█ The indictment here involved is unique in form. No other court has had one before it, much less considered it under 18 U.S.C.A. § 1111(a) or its precedent statutes. In construing that act, the customary rule of strict construction in favor of the accused applies and if its words are capable of two constructions, that more favorable to him prevails. United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 81 L.Ed. 127; United States v. Halseth, 342 U.S. 277, 280, 72 S.Ct. 275, 96 L.Ed. 308.

█ Likewise in determining the sufficiency of the indictment, the governing principles are summarized by the Supreme Court in Evans v. United States, 153 U.S. 584, 14 S.Ct. 934, 38 L.Ed. 830. There it holds with respect to criminal pleading that under United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135, an indictment must " 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" [153 U.S. 584, 14 S. Ct. 936.] Continuing, the Evans case states, 153 U.S. at page 587, 14 S.Ct. at page 936: "The crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged. United States v. Cook, 17 Wall. [168] 174, [21 L.Ed. 538]; United States v. Cruikshank, 92 U.S. 542, 558 [23 L.Ed. 588]. 'The fact that the statute in question, read in the light of the common law, and of other statutes on the like matter, enables the court to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent.' United States v. Carll, 105 U.S. 611 [26 L.Ed. 1135]."

18 U.S.C.A. § 1111(a) provides:

"Murder is the unlawful killing of a human being with malice afore-

thought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

"Any other murder is murder in the second degree."

■ The first sentence of the statute, "Murder is the unlawful killing of a human being with malice aforethought" is as much applicable to second degree murder as first degree murder. Fisher v. United States, 328 U.S. 463, 472–473, 66 S.Ct. 1318, 90 L.Ed. 1382. The next phrase of the statute describing "premeditated" killings is specifically excluded by the words of the indictment "without premeditation."

■ Hence to constitute first degree murder the facts of the succeeding phrase of the statute must exist, namely, that the killing was "committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery". Under the statement of the law in the Evans case, here the indictment did not " 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.' " In fact, the indictment did not "set forth" *any one* of the elements necessary to charge first degree murder where there is no premeditation—i. e., arson, rape, burglary, or robbery.

■ We do not agree with the contention upon which the court below based its decision, namely, that the "terms premeditation and malice aforethought" are synonymous. If this were so the express elimination of "premeditation" would eliminate its synonymous clause "malice

aforethought" and we would have no crime of murder charged.

We are not cited to and can find no other court, federal or state, which has considered such an indictment. In all the other cases cited by the government the indictment charges the premeditation which in the instant indictment is expressly excluded. In the District of Columbia Court of Appeals case of Burton v. United States, 80 U.S.App.D.C. 208, 151 F.2d 17, at page 18, where Burton was convicted of second degree murder, the court states: "The indictment charged murder in the first degree—a killing with deliberate and *premeditated* malice." This is an entirely different case from one where premeditation is expressly excluded. The practice in that circuit is that the indictment states the other crimes which create the malice. Goodall v. United States, 86 U.S.App.D.C. 148, 180 F.2d 397, 399, 17 A.L.R.2d 1070. So also in all the state cases cited [1] the indictment charges premeditation.

■■ Since under the indictment the jury could convict Ornelas of second degree murder at most, the judge erred in compelling him to defend himself as against a crime of first degree murder having one or more of the four elements of arson, rape, burglary, or robbery. By so requiring that he be tried for a crime not charged in the indictment, Ornelas has been denied that "substance of a fair trial" of Howell v. United States, 4 Cir., 172 F.2d 213, 215. By the order of the judge he was "held to answer for a capital * * * crime" not on an "indictment of a Grand Jury" as required by the Fifth Amendment. Ex parte Bain, 121 U.S. 1, 13, 7 S.Ct. 781, 30 L.Ed. 849; Edgerton v. United States, 9 Cir., 143 F.2d 697, 699; United States v. Krepper, 3 Cir., 159 F.2d 958, 970.

In reading this construction of an indictment unlike any ever before considered by a federal court, we are moving in the direction the Supreme Court approved in its statement concerning the amend-

1. Sloan v. State, 1915, 70 Fla. 163, 69 So. 871; State v. Johnson, 1887, 72 Iowa 393, 34 N.W. 177; State v. McGinnis, 1900, 158 Mo. 105, 59 S.W. 83; People v. Sullivan, 1903, 173 N.Y. 122, 65 N.E. 989, 63 L.R.A. 353.

ment of the law of the District of Columbia, "Congress took a forward step in defining the degrees of murder so that only those guilty of deliberate and *premeditated* malice could be convicted of the first degree." Fisher v. United States, 328 U.S. 463, 475–476, 66 S.Ct. 1318, 1324, 90 L.Ed. 1382.

The judgment must be reversed and a new trial of Ornelas be had seeking conviction for no more than second degree murder and in which no consideration of any of the above four other crimes is relevant.