**UNITED STATES of America,
Plaintiff,**

v.

**Gabriel Francis ANTELOPE et al.,
Defendants.**

**Crim. No. 2–74–15.**

United States District Court,
D. Idaho.

June 21, 1974.

Mikel Williams, Asst. U. S. Atty.,
Boise, Idaho, for plaintiff.

Scott W. Reed, Coeur d'Alene, Idaho,
and John W. Walker, Bielenberg & Anderson, Moscow, Idaho, for defendants
Davison.

Allen V. Bowles, Utzman & Bowles,
Moscow, Idaho, for defendant Antelope.

### MEMORANDUM AND ORDER DENYING MOTION TO DISMISS INDICTMENT

J. BLAINE ANDERSON, District Judge.

Defendant, William Andrew Davison's motion to dismiss the indictment, the oral arguments and the briefs of counsel have been thoroughly considered.

In substance, Davison argues there has been a fatal omission in Count Three of the indictment to charge him with one of the essential elements of the crime of first degree murder, i. e., either premeditation *or* one of the felony-murder felonies set forth in 18 U.S.C.A. § 1111(a).[1] In this case robbery and that, therefore, the Count Three charge as to him is ambiguous and does not afford him fair and reasonable notice of one of the essential elements of a first-degree felony murder charge. The counts are set forth in the margin.[2]

■ Counsel's emphasis is on the Count involved, and this is proper since each count is considered as one indictment. Walker v. United States, 176 F. 2d 796, 798 (9th Cir. 1949) and United States v. Gordon, 253 F.2d 177, 180 (7th Cir. 1958) and cases there cited. In this case the Court is of the view, however, that the emphasis must be upon a reading of Counts Two and Three together because of the incorporation by reference from Count Three back to Count Two.

■ It is true that young Davison (age 14) is not charged in Count Two with robbery as a separate and distinct offense. However, the defendant finds no other fault with the allegations in Count Two of the essential elements of the crime of robbery. They are concise, direct and certain. There is no ambiguity. They afford ample notice.

■ Count Three charges all three defendants with first degree felony-murder ". . . with malice aforethought and in the perpetration *of the robbery alleged in Count Two hereof . . .*".

---

1. "§ 1111. *Murder*

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

(b) Within the special maritime and territorial jurisdiction of the United States,

Whoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto 'without capital punishment', in which event he shall be sentenced to imprisonment for life;

Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life."

2.

### COUNT TWO
#### (Vio. 18 U.S.C. §§ 1153 and 2111)

That on or about February 18, 1974, at Worley, State and District of Idaho, within the exterior boundaries of the Coeur d'Alene Indian Reservation and within Indian country, the defendants, LEONARD FRANCIS DAVISON and GABRIEL FRANCIS ANTELOPE, enrolled Coeur d'Alene Indians, by force and violence and against resistance and by putting in fear, unlawfully and wilfully did take from the person and presence of Emma Teresa Johnson, a non-Indian, a thing of value, that is, a purse and an undetermined amount of money, all being the property of the said Emma Teresa Johnson.

### COUNT THREE
#### (Vio. 18 U.S.C. §§ 1153 and 1111)

That on or about February 18, 1974, at Worley, State and District of Idaho, within the exterior boundaries of the Coeur d'Alene Indian Reservation and within Indian country, the defendants, LEONARD FRANCIS DAVISON, WILLIAM ANDREW DAVISON, GABRIEL FRANCIS ANTELOPE and NORBERT HILLARY SEYLER, enrolled Coeur d'Alene Indians, with malice aforethought and in the perpetration of the robbery alleged in Count Two hereof, unlawfully and wilfully did kill Emma Teresa Johnson, a non-Indian, by beating the said Emma Teresa Johnson with their fists and feet.

(emphasis supplied) Davison fails to explain away the explicit provision of Rule 7(c)(1), Federal Rules of Criminal Procedure, that "[a]llegations made in one count may be incorporated by reference in another count". The reference in Count Three to the allegations in Count Two is apt and direct. No authority is presented and none has been found which requires that defendant be actually charged in a separate count with the underlying felony which renders the homicide murder in the first degree. Reference from one count to another is to "allegations" therein and not to "persons". Nevertheless, here the persons intended to be *charged with first degree murder* by the commission of the robbery alleged in Count Two, are also clear and direct by reference and incorporation. The counts read together and taken as a whole, clearly, directly and expressly apprise the defendant of all of the elements essential to constitute the offense intended to be punished. United States v. Taylor, 207 F.2d 437, 438 (2nd Cir. 1953); Walker v. United States, supra; United States v. Gordon, supra; Davis v. United States, 357 F.2d 438, 440 (5th Cir. 1966) cert. den., 385 U.S. 927, 87 S.Ct. 284, 17 L.Ed.2d 210; United States v. Shavin, 287 F.2d 647 (7th Cir. 1961); United States v. McGuire, 381 F.2d 306, 319 (2nd Cir. 1967).

■ While the rule of strict construction does, and should, apply in criminal cases, it is applied with reason and common sense and not with strained logic or segmenting parts of the indictment and blotting out others from a reading and understanding of what is fairly and plainly there, albeit by an incorporating reference.

Davison relies on Ornelas v. United States, 236 F.2d 392 (9th Cir. 1956). It is not in point nor analogous. There the indictment, apparently in a single count, failed to allege either premeditation or one of the felonies required to make the charge first degree. It was therefore reversible error to compel defendant to stand trial for first degree murder.

Reliance is also placed on United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516 (1888). The Court there was dealing with and interpreting one count. It failed to allege any particulars of the essential element of "having devised a scheme to defraud." Here, Count Three expressly charges robbery and by reference to Count Two, directly, with certainty and particularity, alleges the details of the robbery as to time, place, manner and means, the person robbed, and the thing of value. The indictment here is amply sufficient to give notice and to protect against a subsequent prosecution. There is no constitutional infirmity.

■ Finally, 18 U.S.C.A. §§ 5031 and 5032 [3] require adult prosecution of the first degree murder charge even as to a 14-year old. It would be inappropriate and prejudicial to combine juvenile proceedings (non-criminal) with the most serious criminal offense. To, in effect, compel the Attorney General to file separate adult robbery charges in order to support a first degree murder charge would be in derogation of his statutory discretion. 18 U.S.C.A. § 5032, cf.

---

3. Section 5031 of Title 18, United States Code, provides:
   For the purposes of this chapter a "juvenile" is a person who has not attained his eighteenth birthday, and "juvenile delinquency" is the violation of a law of the United States committed by a juvenile and *not punishable by death or life imprisonment*. (Emphasis added).
   Section 5032 of Title 18, United States Code, provides:
   A juvenile alleged to have committed one or more acts in violation of a law of the

United States *not punishable by death or life imprisonment*, and not surrendered to the authorities of a state, shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise.

In such event the juvenile shall be proceeded against by information and no criminal prosecution shall be instituted for the alleged violation. (Emphasis added).

United States v. Quiñones, 353 F.Supp. 1325 (D.C.P.R.1973).

It is hereby ordered that the Motion of William Andrew Davison to dismiss the indictment is denied.