UNITED STATES of America, Appellee,

v.

Leonard Francis DAVISON and William Andrew Davison, Appellants.

No. 74-2742.

United States Court of Appeals, Ninth Circuit.

June 20, 1977.

Scott W. Reed, Coeur d'Alene, Idaho, John W. Walker, Moscow, Idaho, argued, for appellants.

William Andrew Davison, pro se.

Leonard Francis Davison, pro se.

Marion J. Callister, U. S. Atty., Mikel H. Williams, Asst. U. S. Atty., D. Idaho, Boise, Idaho, argued, for appellee.

Before KILKENNY, CHOY and GOODWIN, Circuit Judges.

KILKENNY, Circuit Judge:

The facts in this case are fully outlined in our opinion in *United States v. Antelope [Davison and Davison]*, 523 F.2d 400 (CA9 1975). That decision was reversed by the United States Supreme Court in *United States v. Antelope et al.*, —— U.S. ——, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977), and the cause remanded to us for further proceedings consistent with the opinion of that Court.

## LEONARD FRANCIS DAVISON APPEAL

The Supreme Court opinion, above mentioned, rejects appellant's sole contention.

## WILLIAM ANDREW DAVISON APPEAL

The appellant's first contention is rejected by the above mentioned Supreme Court decision.

Next, he argues that the indictment was defective in charging him with felony murder without specifically charging him in a separate count with the commission of burglary or robbery. Appellant, convicted of *second degree murder*, was charged with neither burglary (Count One), nor robbery (Count Two), but with murder (Count Three) ". . . in the perpetration of the robbery alleged in Count Two . . ." Counts Two and Three are set forth in the opinion of the district court, *United States v. Antelope*, 377 F.Supp. 193, 194 (D.Idaho 1974).

The incorporation of counts by reference is permitted by Rule 7(c)(1), FRCrimP. When the indictment is read in its entirety, it is clear (1) that it alleges the crime with precision and certainty, and (2) that appellant is charged with participation in the robbery, an essential element of the felony murder charge. When viewed in this light, the indictment is sufficient.

Cases such as *United States v. Hess*, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516 (1888) and *Ornelas v. United States*, 236 F.2d 392 (CA9 1956), are of no help to appellant. For example, in *Ornelas* the single count indictment failed to allege either premeditation or one of the felonies required to make the charge first degree murder. The court properly held that it was reversible error to compel the defendant to stand trial on the first degree charge; the indictment did not charge first degree murder and that issue should not have been submitted to the jury. *Hess* is also far afield. There, the indictment failed to allege any particulars with reference to the crime charged.

Much more in point are *Crain v. United States*, 162 U.S. 625, 633, 16 S.Ct. 952, 40 L.Ed. 1097 (1896), and *Blitz v. United States*, 153 U.S. 308, 317, 14 S.Ct. 924, 38 L.Ed. 725 (1894), holding that one count may refer to matter in a previous count to avoid unnecessary repetition, and that even if the previous count be defective or rejected, that circumstance will not vitiate the remaining count(s), if the reference be sufficiently full. These cases are cited with

approval in *Wheeler v. United States*, 77 F.2d 216, 218 (CA9 1935), *cert. denied* 295 U.S. 765, 55 S.Ct. 927, 79 L.Ed. 1707 (1935).

True enough, these cases were decided before the adoption of the Federal Rules of Criminal Procedure. Nonetheless, the rules were grounded on cases such as *Blitz, Crain,* and *Wheeler.* The law announced by the Supreme Court in this area has been followed by the courts subsequent to the enactment of the rules. *See, e. g., United States v. Shavin*, 287 F.2d 647, 650 (CA7 1961).

Appellant's suggestion that he was not even involved in the Count Two robbery is groundless. Our analysis of the record convinces us that his overall participation in the events of the evening was so directly connected with the robbery that he might well have been convicted of robbery if he had been so charged in Count Two. Obviously, the prosecutor was somewhat reluctant to place appellant, then a 14 year old boy, on the same criminal level with his adult companions.

■ Finally, appellant charges that the evidence is not even sufficient to support his conviction of second degree murder. His argument that the evidence shows the victim was already dead when he kicked and stomped her in the head is without foundation. There is substantial evidence to support a finding that the decedent was alive at the time of the occurrence. Medical testimony differed on the precise time of her death, but the jury could reasonably conclude [beyond a reasonable doubt] that she was in fact alive when appellant entered the act and maliciously stomped her head. *United States v. Pheaster,* 544 F.2d 353, 383 (CA9 1976); *United States v. Jones,* 518 F.2d 64, 65 (CA9 1975); *United States v. Nelson,* 419 F.2d 1237, 1242 (CA9 1969). Under the standards enunciated in these cases, we conclude that the evidence was sufficient to sustain the verdict.

### CONCLUSION

The judgment of conviction of each appellant is affirmed.

IT IS SO ORDERED.