## HARRY BARNETT et al. v. STATE.

No. A-4966. Opinion Filed Oct. 1, 1925.
(239 Pac. 680.)

A. M. Stewart and Wm. M. Williams, for plaintiffs in error.

The Attorney General and Fred Hansen, Asst. Atty. Gen., for the State.

BESSEY P. J. The plaintiffs in error named in the caption will be referred to herein as the defendants.

The defendants were jointly informed against in the county court of Greer county, charged with conveying one-half gallon of corn whisky from the home of Poley Cardin to a point near the public highway about a quarter of a mile east of Cardin's home. No severance was asked, and all of the defendants were tried at the same

time. The jury returned a verdict of guilty as to each of the defendants, but stated that they could not agree upon the punishment. The court, in rendering judgment upon the verdict, fixed the punishment of each of the defendants at confinement for a period of 5 months in the county jail and a fine of $300.

From the record it appears that on the 27th day of May, 1923, certain deputy sheriffs of Greer and Harmon counties were on the highway adjacent to the Cardin premises between 1 and 2 o'clock in the morning, when they saw a Ford car driven by the defendant Harry Barnett, with the other defendants in the car, coming from the Cardin home; that while there they also noticed a light or lights moving about the Cardin home, sometimes visible and sometimes not; that, as the Ford car approached the gate leading into the highway, deputy sheriffs mounted the running boards of the car, one on either side, and commanded the occupants of the car to throw up their hands, which they did. To this manner of arrest and search and seizure following, no objections were made in the trial court.

Almost immediately, the officers heard the crash of a bottle or jar in the front part of the car; they then required the defendants to alight and found a broken half-gallon fruit jar; some of the liquid contained in the jar was trickling out of the front part of the car; part of it was on the running board of the car and on the grass under it; and the lid of the jar and possibly some of the fragments of broken glass contained what the officers said was corn whisky.

A little later the officers went to the Cardin home and there found some mash, 3 gallons of corn whisky hidden in a sand pit, and some other evidences of the manufacturing and disposing of whisky.

None of the defendants testified, either in his own behalf or in behalf of his codefendants.

There are eighteen assignments of error, but it will not be necessary to prolong this opinion by treating each separately. They will be grouped and treated thus: First, alleged errors of the court in the admission of evidence on the part of the state; second, alleged errors of the court in refusing requested instructions; third, alleged errors of the court in giving certain paragraphs of the instructions; fourth; that the punishment assessed by the court is unreasonable and excessive.

As stated above, no objection was interposed in the trial court to the admission of the evidence obtained by the officers in their irregular search and seizure of the liquor here involved, and this question cannot be raised in this court for the first time.

The defendants claim that the proof was insufficient to show that the liquid in question was whisky. Without analyzing the volume of testimony on this point, this court holds that the evidence, direct and circumstantial, was sufficient to establish the fact that it was whisky, and that the jury were justified from the evidence in concluding that all of the occupants of the car were implicated in its transportation, and that the place from which it was transported to the place where it was found by the officers was sufficiently shown.

The defendants in their brief claim that this whisky, if whisky it was, may have been intended merely for their own use, and that there was no sufficient proof of an illegal transportation. This contention is untenable, because the law makes no exceptions, and any transportation from one place to another, particularly where there is a change in the physical possession of the liquor, is illegal.

We find no error in the instructions given, or in the court's refusal to give the instructions requested, sufficient to warrant a reversal of this cause. A portion of the requested instructions was incorporated in the instructions given in such manner as fairly to apprise the jury of the law applicable to the facts.

From the record it appears that these defendants were boys or young men (the exact ages are not shown), and that they were in fact probably transporting this liquor for their own use and entertainment, that they were not bootleggers nor otherwise implicated in the distribution of the liquor made and kept at this Cardin plant, and that, so far as the record discloses, this was their first offense. We think, therefore, that under all the circumstances the punishment assessed by the court was excessive, and it is ordered that the judgment of the trial court as to each defendant be modified to a fine of $50 and confinement in the county jail for a period of 30 days.

The judgment as so modified is affirmed.

DOYLE and EDWARDS, JJ., concur.