## HAYES et al. v. UNITED STATES.
### No. 2055.

Circuit Court of Appeals, Tenth Circuit.

May 15, 1940.

---

Earl Pruet, of Oklahoma City, Okl. (Hayes, Richardson, Shartel & Gilliland and Stewart W. Mark, all of Oklahoma City, Okl., on the brief), for appellants.

Whit Y. Mauzy, U. S. Atty., and Wm. Knight Powers, Asst. U. S. Atty., both of Tulsa, Okl., for the United States.

Jim Barnett, of Oklahoma City, Okl., and John Wade Tyree, of Lawton, Okl., amici curiæ.

Wils Davis, of Memphis, Tenn., and Frank Hickman, of Tulsa, Okl., amici curiæ.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge, delivered the opinion of the court.

The United States brought this proceeding under 27 U.S.C.A. § 224 for the forfeiture of a 1939 Ford De Luxe Coupe and 150 gallons of tax-paid intoxicating liquor. Hayes, Vose, and Turner[1] filed a petition in intervention wherein they set up that they were holders of a chattel mortgage upon the coupe and prayed for a decree awarding them possession thereof. From a judgment of forfeiture, they have appealed.

On August 8, 1939, one Blythe used the coupe to transport 150 gallons of tax-paid intoxicating liquor, containing more than four per cent of alcohol by volume, from Sulphur Springs, Arkansas, to a point in Mayes County, Oklahoma, where he was arrested and the coupe and the liquor were seized. The interveners are the owners of a valid and subsisting chattel mortgage upon the coupe given to secure a debt of $316.-50.

The interveners assert that ch. 16, O.S. L.1939, 37 Okl.St.Ann. § 41 et seq., is unconstitutional and, therefore, the Liquor Enforcement Act of 1936, 27 U.S.C.A. ch. 9, §§ 221–228, is inapplicable to Oklahoma. See Dunn v. United States, 10 Cir., 98 F. 2d 119, 117 A.L.R. 1302.

Section 1 of chapter 16, supra, makes it unlawful to import, bring, transport, or cause to be brought or transported into Oklahoma any intoxicating liquor, containing more than four per cent of alcohol by volume, without a permit first secured as provided in the Act.

Section 2 provides that a permit may be issued for the importation and transportation into Oklahoma of alcohol by scientific institutions, universities, and colleges, for scientific or mechanical purposes, of alcohol by hospitals, sanitariums, apothecaries, druggists, pharmacists, and manufacturing agencies for medicinal use, and of wine for sacramental purposes. It further provides that no permit shall be issued to any person for the importation of any intoxi-

cating liquor, except as therein provided. Section 3 provides for the issuance of the permit by the Tax Commission of the state of Oklahoma, and requires that such permit shall accompany such intoxicating liquor at all times while being imported, brought into, and transported into Oklahoma, shall be in the possession of the person or carrier transporting the same, and upon demand, shall be exhibited to a state or federal officer; and, when such intoxicating liquor shall have reached its destination, that such permit shall be returned to the Tax Commission and by it marked "cancelled." Section 4 provides for the application for the permit. Section 5 provides for the form and terms of the permit. Section 6 provides that any person violating any of the provisions of the Act shall be punished by a fine of not less than $50 nor more than $2000, and by imprisonment for not less than 30 days in the county jail nor more than five years in the state penitentiary.

I

Section 57 of Art. 5 of the Constitution of Oklahoma, Okl.St.Ann., in part reads:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, * * *."

The title to chapter 16, supra, reads as follows:

"An Act creating and providing for a permit system for the importation and transportation of intoxicating liquor containing more than four per cent of alcohol by volume, into the State of Oklahoma for scientific, sacramental, medicinal, or mechanical purposes; forbidding importation of such liquor without permit; fixing fees; providing penalties; repealing Sections 2597 and 2598, Oklahoma Statutes, 1931; and declaring an emergency."

It is urged that, since chapter 16, supra, provides for the issuance of permits for the importation of intoxicating liquor only for certain limited and specified purposes and section one prohibits the importation of liquor without a permit, section one in effect prohibits the importation of liquor for all other purposes and the title does not embrace such latter prohibition.

To render an act invalid the insufficiency of the title must be clear and any doubt should be resolved in favor of the validity of the act. The title should be liberally construed; the court should not re-

---

[1] Hereinafter referred to as the interveners.

sort to critical or technical construction; and if the language of the title is reasonably susceptible to a construction which covers the provisions of the act, that construction should be adopted and the act sustained.[2]

In Oklahoma City v. Grigsby, 171 Okl. 23, 41 P.2d 697, 699, the court said:

"The best-considered cases, however, appear to have established the following propositions: That the clause is mandatory; that its requirements are not to be exactingly enforced, or in such a technical manner as to cripple legislation; that the title of a bill may be very general, and need not contain an abstract of the contents of the bill, or specify every clause therein, it being sufficient if they are all referable and cognate to the subject expressed. Everything which is necessary to make a complete enactment, or to result as a complement of the thought therein contained, is included in and authorized by such title expressed in general terms."

■ One clause of the title reads: "forbidding importation of such liquor without permit." The language of the title permits of a construction making the phrase "such liquor" referable to intoxicating liquor containing more than four per cent of alcohol by volume, regardless of the purpose for which it is imported. We are of the opinion that in the light of the principles above stated, the title should be so construed. It follows that it embraces the prohibition provided in section 1 of the Act.

■ Furthermore, the purpose of the Act being to provide for the importation of intoxicating liquor, containing more than four per cent of alcohol by volume,

under a permit system, for certain limited and specified purposes only, we think a prohibition against the importation of intoxicating liquor, without a permit, for other purposes was essential to make the Act effective, and that section one complements section two, makes the Act complete, and is referable and cognate to the subject expressed in the title.

## II

It is urged that the penalty imposed by the Act violates Section 9 of Art. 2 of the Oklahoma Constitution, Okl.St.Ann., which reads as follows:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

In Ex parte Meyers, 55 Okl.Cr. 75, 24 P.2d 1011, 1012, the court quoted with approval from McMahon v. State, 70 Neb. 722, 97 N.W. 1035, as follows:

"A large discretion is vested in the Legislature in the fixing of penalties designed to prevent the commission of certain prohibited acts; and a penalty imposed by statute will not be held unconstitutional as excessive, unless it is so excessive as to shock the sense of mankind."

■ The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere·therewith unless the penalty prescribed is clearly and manifestly cruel and unusual.[3]

■ We cannot say that the punishment imposed by the Act is so excessive as to shock the sense of mankind or that it is manifestly cruel and unusual.

[2] Ex parte Ambler, 11 Okl.Cr. 449, 148 P. 1061, 1066, 1067;

State v. Johnson, 90 Okl. 21, 215 P. 945, 946;

Posados v. Warner, Barnes & Co., 279 U.S. 340, 344, 49 S.Ct. 333, 73 L.Ed. 729;

City of Chicago v. Ames, 365 Ill. 529, 7 N.E.2d 294, 296, 109 A.L.R. 1509;

First Nat. Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38, 40;

State v. Hooker, 22 Okl. 712, 98 P. 964, 967;

Oklahoma City v. Grigsby, 171 Okl. 23, 41 P.2d 697, 699;

Pure Oil Co. v. Oklahoma Tax Commission, 179 Okl. 479, 66 P.2d 1097, 1100;

Perry v. Carter, 173 Okl. 267, 48 P.2d 278, 281;

State v. State Election Board, 168 Okl. 446, 33 P.2d 800, 803;

Julian Oil & Royalties Co. v. Capshaw, 145 Okl. 237, 292 P. 841, 843;

Cooper v. King, 171 Okl. 121, 42 P.2d 249, 251;

Oklahoma Light & Power Co. v. Corporation Commission, 96 Okl. 19, 220 P. 54, 55.

[3] Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 670;

Bailey v. United States, 10 Cir., 74 F. 2d 451, 452;

Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732;

Brady v. United States, 8 Cir., 39 F.2d 312, where a maximum penalty of five years imprisonment and a fine of $10,-000 for the violation of the National Prohibition Act was held not to be cruel and unusual punishment.

## III

It is urged that because § 2618, 1934 Supp., O.S.1931, 37 Okl.St.Ann. § 1, makes the transportation of intoxicating liquor, containing more than 3.2 per cent of alcohol, within the state a misdemeanor, punishable by a fine of not less than $50 nor more than $500, and by imprisonment for not less than 30 days nor more than six months, the more severe penalty provision of chapter 16, supra, violates the equal protection clause of the Fourteenth Amendment.

The equal protection clause does not prohibit legislative classification, but the classification must be reasonable, not arbitrary, and must be based upon a difference having a fair and substantial relation to the object of the legislation.[4]

If any state of facts reasonably can be conceived that would sustain the classification, there is a presumption that such state of facts exists, and one who assails the classification must show by a resort to common knowledge or other matters which may be judicially noticed, or by evidence, that the action is arbitrary.[5] The interveners have not carried that burden of proof.

Moreover, it is obvious that importation or transportation of intoxicating liquor into Oklahoma from states where the manufacture and transportation of intoxicating liquor is legal and where it is manufactured in large quantities, differs substantially from the transportation of intoxicating liquor wholly within the state where its manufacture is prohibited and is limited to illicit distilling.

We conclude there is a reasonable basis for the classification and that it bears a fair and substantial relation to the object sought to be attained by the Act.

Furthermore, under the Twenty-First Amendment a state may wholly prohibit the transportation or importation of intoxicating liquors thereinto, or it may forbid all importations which do not comply with the conditions which it prescribes, regardless of how it may deal with or regulate the transportation of the intoxicating liquor within its boundaries, without violating the equal protection clause of the Fourteenth Amendment. "A classification recognized by the Twenty-First Amendment cannot be deemed forbidden by the Fourteenth."[6]

## IV

In Ex parte Wilson, 6 Okl.Cr. 451, 119 P. 596, the court held that § 4, ch. 70, O.S.L.1911, 37 Okl.St.Ann. § 31, which prohibited a person from having or keeping in excess of one quart of spirituous, vinous, fermented, or malt liquors, even though it was for personal use, was not within the police power of the state of Oklahoma and was unconstitutional. It is urged that chapter 16, supra, prohibits the importation of intoxicating liquor into Oklahoma for delivery to a person for his personal use and is, therefore, violative of the Oklahoma Constitution.

Section 2618, 1934 Supp.O.S.1931, 37 Okl.St.Ann. § 1, makes it unlawful to manufacture, sell, barter, give away, or otherwise furnish, or to convey from one place within the state to another place therein, intoxicating liquor containing more than 3.2 per cent of alcohol by weight, except preparations compounded by a licensed pharmacist.

The power of a state to prohibit the manufacture and transportation of intoxicating liquor within its boundaries is well settled. The Criminal Court of Appeals of Oklahoma has held the fact that intoxicating liquor was being transported for personal use is no defense to a charge of unlawful transportation under the laws of Oklahoma.[7] In Ex parte Cain, 20 Okl. 125, 93 P. 974, the court sustained the pow-

4 Metropolitan Casualty Ins. Co. v. Brownell, 294 U.S. 580, 583, 55 S.Ct. 538, 79 L.Ed. 1070;

Colgate v. Harvey, 296 U.S. 404, 423, 56 S.Ct. 252, 80 L.Ed. 299, 102 A.L.R. 54;

Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 299 U.S. 183, 197, 57 S.Ct. 139, 81 L.Ed. 109, 106 A.L.R. 1476.

5 Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 209, 55 S.Ct. 187, 79 L.Ed. 281;

New York Rapid Transit Corp. v. New York, 303 U.S. 573, 578, 58 S.Ct. 721, 82 L.Ed. 1024.

6 State Board of Equalization of California v. Young's Market Co., 299 U.S. 59, 62–64, 57 S.Ct. 77, 79, 81 L.Ed. 38;

Mahoney v. Triner Corp., 304 U.S. 401, 403, 404, 58 S.Ct. 952, 82 L.Ed. 1424.

7 See Watkins v. State, 13 Okl.Cr. 507, 165 P. 621, 622;

Barnett v. State, 31 Okl.Cr. 413, 239 P. 680, 681, 682.

er of the state to prohibit the manufacture and sale of intoxicating liquor.

It has long been recognized[8] that in order for states to effectively enforce their prohibitory laws, they must have protection against importation thereinto from states where the manufacture, sale, and transportation of intoxicating liquor is lawful. The Twenty-First Amendment is an additional recognition of this need. Section 2 thereof provides: "The transportation or importation into any State, * * * of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

■■■■ Chapter 16, supra, does not prohibit the possession in Oklahoma of intoxicating liquor for personal use. It merely prohibits the importation of intoxicating liquor into the state without a permit and provides the issuance of permits for the importation of intoxicating liquor for certain specified purposes. It complements the state prohibitory law and is essential to the effective enforcement thereof. It is within the power granted by the Twenty-First Amendment. If Oklahoma may prohibit the transportation of intoxicating liquor within the state, although the transporter may intend such intoxicating liquor for his own use, surely it may prohibit the importation of intoxicating liquor into the state for personal use.

## V

It is urged that under the Twenty-First Amendment, Oklahoma may prohibit the importation of intoxicating liquor only when it prohibits the manufacture and sale thereof within its borders. A like contention was held untenable in State Board of Equalization of California v. Young's Market Co., 299 U.S. 59, 62, 57 S.Ct. 77, 81 L.Ed. 38, and Mahoney v. Triner Corp., 304 U.S. 401, 404, 58 S.Ct. 952, 82 L.Ed. 1424, and it is now settled that, regardless of what prohibition or control a state imposes, it may forbid all importations, or condition them as it sees fit.

## VI

■■■■ Finally, it is urged that the Liquor Enforcement Act of 1936 is unconstitutional, in that it undertakes to impose penalties for violation of state law contrary to the Tenth Amendment. Counsel

rely on United States v. Constantine, 296 U.S. 287, 56 S.Ct. 223, 80 L.Ed. 233. The penalty imposed is not for violation of state law, but for violation of the Liquor Enforcement Act of 1936. While the Twenty-First Amendment surrendered to each state the power to prohibit or condition the importation of intoxicating liquor in interstate commerce thereinto, we do not regard it as a surrender of the power of Congress to prohibit or regulate the transportation of intoxicating liquor in interstate commerce. The language of the Twenty-First Amendment is prohibitory in character. We entertain no doubt that the Congress has the power to enact legislation to execute the Amendment and penalize its violation. The Constantine case involved an act which was essentially internal in character. The act here involved was interstate in character and constituted a transportation in interstate commerce. We think the Constantine case is clearly distinguishable. See William Jameson & Co. v. Morgenthau, 307 U.S. 171, 173, 59 S.Ct. 804, 83 L.Ed. 1189.

The judgment is affirmed.

---

8 See Wilson Act, 26 Stat. 313, 27 U.
S.C.A. § 121;
  Webb-Kenyon Act, 37 Stat. 699, 27 U.
S.C.A. § 122;

Reed Amendment, 39 Stat. 1069, 27 U.
S.C.A. § 123.