### UNITED STATES v. WILLIAMS et al.
#### Cr. No. 16076.

United States District Court
W. D. Oklahoma.
March 23, 1950.

930

"Shall (1) If such liquor is not accompanied by such permits, or licenses therefor as may be required by the laws of such State *. * * or (2) if all importation, bringing, or transportation of intoxicating liquor into such State * * * is prohibited by the laws thereof, be fined not more than $1,000 or imprisoned not more than one year, or both."

This section of the new criminal code is based on Sections 2 and 3 of the Liquor Enforcement Act of 1936, formerly 27 U.S.C.A. §§ 222, 223, and contains almost identical language.

■ The Act applies to the importation of intoxicating liquor into a particular state *only* if the laws of that state contain a general prohibition against all *sales* of intoxicating liquors (with specifically enumerated exceptions) *and* in addition contain either a general prohibition against all imports or a provision for a state permit system for imports.

In Dunn v. U. S., 10 Cir., 1938, 98 F.2d 119, it was held that the Liquor Enforcement Act was inapplicable to Oklahoma because there was neither a state prohibition against imports nor a state permit system for imports. Following that decision, the Oklahoma Legislature enacted a permit system, Ch. 16, O.S.L. 1939, p. 16, 37 O.S. 1941 § 41 et seq., and the Act was thereafter held to be applicable to Oklahoma. Hayes v. U. S., 10 Cir., 1940, 112 F.2d 417; Hastings v. U. S., 8 Cir., 1940, 115 F.2d 216; Flippin v. U. S., 8 Cir., 1941, 121 F.2d 742, 743; Tucker v. U. S., 10 Cir., 1941, 123 F.2d 280. It was implicit in these decisions that Oklahoma also met the requirement that there be a general prohibition against sales of intoxicating liquors for otherwise the Federal Act would still have been inapplicable. See 37 O.S.A. §§ 1, 3, 131.

Robert E. Shelton, United States Attorney, Oklahoma City, for plaintiff.

Judson H. Pierce, Perry, Okl., for defendants.

CHANDLER, District Judge.

Defendants are charged with a violation of the Liquor Enforcement Act by the importation into the State of Oklahoma of intoxicating liquor. The Act, 18 U.S.C.A. § 1262, provides:

"Whoever imports, brings, or transports any intoxicating liquor into any State * * in which all sales, except for scientific, sacramental, medicinal, or mechanical purposes, of intoxicating liquor * * * are prohibited * * *.

In 1947 the Act establishing the import permit system in Oklahoma was repealed. O.S.L. 1947, p. 296, Sec. 22. There was some doubt about the effectiveness of the original repeal, see, Ex parte Lee, Okl.Cr. App. 1949, 203 P.2d 720, so the same Act was again repealed by the 1949 Act. O.S.L. 1949, p. 275, Sec. 7. After such repeal the Federal Statute again became inappli-

cable to Oklahoma under the reasoning of the Dunn case, supra. See Von Patzell **v.** U. S., 10 Cir., 1947, 163 F.2d 216.

In 1949 the Oklahoma Legislature enacted a new permit system and it is under the terms of this legislation, 37 O.S.A. §§ 49.1–49.6, that it is contended that the liquor Enforcement Act again became applicable to Oklahoma.

This Act is identical to the former Act except that it does not contain those provisions of the former Act which rendered it unlawful to import any intoxicating liquor into Oklahoma without a permit, O.S.L. 1939, p. 16, Sec. 1, 37 O.S. 1941 § 41, or which provided penalties for non-compliance with the Act, O.S.L. 1939, p. 18, Sec. 6, 37 O.S. 1941 § 46, or which made reference to any complaint, information, or indictment brought under the Act, O.S.L. 1939, p. 17, Sec. 3, 37 O.S. 1941 § 43. The titles to the two Acts also differ in that the title to the present Act merely provides for a permit system for the importation of intoxicating liquors for "scientific, sacramental, medicinal, or mechanical purposes," whereas the title to the former Act contained the additional phrases "forbidding importation of such liquor without permit" and "providing penalties."

The present Act fails to activate the Liquor Enforcement Act for two basic reasons. In the first place, it does not prescribe permits for *all* imports of intoxicating liquors but only for liquors for "scientific, sacramental, medicinal, or mechanical purposes." Section 2 of the Act which states "Any person * * * desiring to import * * * intoxicating liquor * * * shall first secure * * * a permit as herein provided", 37 O.S.Supp. § 49.2, can only have reference to imports for the limited purposes referred to above, because in Section 1 the issuance of permits is specifically restricted to such purposes.

■■ This construction of the present Act is particularly impelling in view of the limitations in its title wherein reference is made only to the establishment of a permit system for these limited purposes. The title says nothing about importations for other purposes and contains no prohibitory lan-guage. In this respect it differs vitally from the former Act. Because of the limitations in its title, the present Act *must* be construed to apply only to imports for the limited purposes referred to therein, since any broader construction would make that part not "clearly expressed in its title" void. Oklahoma Constitution, Article V, Sec. 57. An ambiguous act should be construed in such a way as to make it constitutional. Brown v. State Election Board, 1946, 197 Okl. 169, 170 P.2d 200. Ex parte Ambler, 1919, 11 Okl.Cr. 449, 148 P. 1061.

Since the present Act does not establish a complete permit system which encompasses *all* imports, it is subject to the basic objection referred to in the Dunn case, supra, that Federal enforcement officials could only determine the legality of an importation by investigating the ultimate use for which it was intended. Congress did not intend that the Federal Government should assume such a burden.

■ The second reason the present Act fails to activate the Liquor Enforcement Act is that by its terms permits are not "required." It does not *require* permits, even for such imports as may be covered by the Act, in the compulsory sense in which Congress intended that it should, because it contains no criminal sanctions directed against importations without a permit. Congress intended to make an importation a crime against the laws of the United States only if it were first made a crime against the laws of the state to which Federal assistance was tendered. The Federal Act was intended to *aid* enforcement of state liquor importation laws but not to *usurp* the powers granted to the states by the 21st Amendment.

■ An importation without a permit is not a crime against the State of Oklahoma. Penal consequences for the failure to obtain a permit are conspicuously absent from the present Act, nor could such consequences be inferred in the face of the obvious legislative intent to omit them. On the day before the 1949 Legislature enacted the present Act it expressly rejected a bill, H. B. 247, which was identical to the former Act and from which the present Act dif-

**932**

fers only in its omission of all penal provisions. Since no importations are prohibited by the present Act it does not make applicable 21 O.S.A. § 21 which refers to prohibited acts for which no express penalty is provided. Instead it would be subject to the provisions of 21 O.S.A. § 2 that "No act or omission shall be deemed criminal or punishable except as prescribed or authorized by this code." In any event, criminal sanctions could not constitutionally be applied since no reference is made thereto in the title of the Act. Okl.Const. Article V, § 57, Cf. Hayes v. U. S., supra, Harris v. State, supra.

To summarize this matter, the Liquor Enforcement Act is inapplicable to Oklahoma for two reasons. First, the present Oklahoma Act does not prescribe a complete permit system encompassing *all imports* as it must to invoke the Federal Act. Second, it does not *require* permits, in the compulsory sense of making it a crime to import without a permit, as it must to invoke the Federal Act. Neither the Oklahoma Legislature nor the United State Congress intended that the Federal Act should now apply to Oklahoma and this Court must not do violence to such clear expressions of legislative intent.

Since the acts charged do not constitute an offense against the United States, the motion to dismiss is sustained.