## GENERAL MOTORS ACCEPTANCE CORP.
## v. UNITED STATES.
### No. 4557.

United States Court of Appeals
Tenth Circuit.
Jan. 28, 1953.

Robert O. Bailey, Oklahoma City, Okl. .Bruce McClelland, Louie G. Kneeland, J. B. McClelland, Jr., Oklahoma City, Okl. and R. P. Colley, Tulsa, Okl., on the brief), for appellant.

Hobart Brown, Asst. U. S. Atty., Tulsa, Okl. (Whit Y. Mauzy, U. S. Atty., Tulsa, Okl., on the brief), for the United States.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from a judgment adjudging the forfeiture of a 1949 Lincoln Sedan automobile and denying the claim of General Motors Acceptance Corporation[1] for remission and mitigation of forfeiture.

On February 16, 1951, Thurman M. Brown, as purchaser, and Shook Oldsmobile,[2] as seller, entered into a contract for the sale of such automobile under which title was retained in Shook until the purchase price was fully paid in cash. On the same date, the contract for a good and valuable consideration was assigned by Shook to the Acceptance Corporation. The deferred balance of the contract price was $1,515.90 and was payable in monthly instalments of $101.60, commencing March 30, 1951. On May 30, 1951, Brown was in default on the instalment due on that

date and the unpaid balance under the contract was $1,313.78.

The automobile had been used by Brown for the illegal transportation of tax-paid intoxicating liquor from Joplin, Missouri, into the State of Oklahoma. About June 1, 1951, while the automobile was being driven by Brown in the State of Oklahoma, it was seized by state officers for violation of Title 37 §§ 50.1 to 50.10, inclusive, O.S.1951, and thereafter the automobile was delivered by the state officers to the Enforcement Branch, Alcohol and Tobacco Tax Division, of the Bureau of Internal Revenue.

Neither Shook nor the Acceptance Corporation had knowledge of Brown's "record or reputation for violating laws of the United States or of any state relating to liquor" at the time the conditional sale contract was entered into with Shook or at the time it was assigned to the Acceptance Corporation.

Neither Shook nor the Acceptance Corporation made the inquiry with respect to such record or reputation provided for in 18 U.S.C.A. § 3617(b).

Title 37, § 1, O.S.1951, prohibits the sale of any spirituous, vinous, fermented or malt liquors which contain more than 3.2 per cent alcohol, measured by weight.

In Tucker v. United States, 10 Cir., 123 F.2d 280, 282 and Hayes v. United States, 10 Cir., 112 F.2d 417, we held that Chapter 16, O.S.L.1939, 37 O.S.A. § 41 et seq., made the federal "Liquor Enforcement Act of 1936", as revised, 27 U.S.C.A. Ch. 9, §§ 221–228, operative in the State of Oklahoma. In 1951 the State of Oklahoma enacted a new statute, 37 O.S.1951 §§ 50.1 to 50.10, which, with the exception hereinafter noted, is substantially identical with Chapter 16, O.S.L.1939. Sections 50.1 to 50.6, inclusive, fully meet the requirements of 18 U.S.C.A. § 1262 to make the federal "Liquor Enforcement Act of 1936," as revised, effective in Oklahoma. Section 50.8 of the 1951 Act provides:

1. Hereinafter called Acceptance Corporation.

2. Hereinafter called Shook.

"§ 50.8 Vehicles—Prior Liens.—In the event any automobile, truck, or vehicle is taken into custody by enforcement officers under this Act, the holder of a valid lien, mortgage or encumbrance on said automobile, truck, or vehicle shall have a prior lien upon the same providing said mortgage lien or encumbrance was incurred and made without knowledge that said automobile, truck, or vehicle was to be used for illegal purposes."

Chapter 16, O.S.L.1939, contained no provision with respect to prior liens on vehicles taken into custody by state enforcement officers.

The provisions of the federal "Liquor Enforcement Act of 1936," as revised, are included in the Act of June 25, 1948, revising Title 18 of the United States Code. See 18 U.S.C.A. §§ 1261 and 1262.

18 U.S.C.A. § 3615 in part provides:

"All liquor involved in any violation of sections 1261–1265 of this title, the containers of such liquor, and every vehicle or vessel used in the transportation thereof, shall be seized and forfeited and such property or its proceeds disposed of in accordance with the laws relating to seizures, forfeitures, and dispositions of property or proceeds, for violation of the internal-revenue laws. * * *"

The effect of the delivery of the automobile to the officers of the Enforcement Branch, Alcohol and Tobacco Tax Division, of the Bureau of Internal Revenue was a seizure thereof under § 3615, supra. Section 3615, supra, imposes a civil penalty for the violation of 18 U.S.C.A. §§ 1261 to 1265, inclusive.

Chapter 16, O.S.L.1939, was repealed in 1947. In United States v. Williams, 10 Cir., 184 F.2d 663, 665, we held that Chapter 1, O.S.L.1949, pp. 273–275, 37 O.S.A. §§ 49.1 to 49.6, inclusive, was ineffective to make the federal "Liquor Enforcement Act of 1936," as revised, operative in Oklahoma. We are of the opinion that 37 O.S.1951 §§ 50.1 to 50.10, inclusive, were enacted to overcome the effect of our decision and again to make the federal "Liquor Enforcement Act of 1936," as revised, operative in Oklahoma. We do not think that the Oklahoma legislature by § 50.8, supra, intended to undertake to limit the federal forfeiture provisions of 18 U.S.C.A. § 3615, and that such section was intended to apply only where Oklahoma undertook to forfeit an automobile, truck, or vehicle under state law.[3]

Moreover, it seems clear to us that when Oklahoma, by the enactment of §§ 50.1 to 50.10, inclusive, supra, made the federal "Liquor Enforcement Act of 1936," as revised, operative in Oklahoma, it could not limit or qualify the penalties provided in the Federal Act for violation thereof.[4]

The automobile was used in the transportation of intoxicating liquor, in violation of the law of Oklahoma and the law of the United States. It was subject to forfeiture under both state and federal law. The surrender of the automobile by the state officers to federal authorities was an act of comity, to which the Acceptance Corporation may not object.[5]

It is clear that the Acceptance Corporation did not bring itself within the provisions of 18 U.S.C.A. § 1317, with respect to remission or mitigation of forfeitures.

The judgment is affirmed.

3. Title 37 O.S.1951 § 111, provides that all vehicles, including automobiles, used in hauling or transporting any liquor, the sale of which is prohibited by the laws of Oklahoma, from one place to another in such state, in violation of the laws thereof, shall be forfeited to the state.

4. See Case v. Bowles, 327 U.S. 92, 102, 66 S.Ct. 438, 90 L.Ed. 552.

5. Rosenthal v. Hunter, 10 Cir., 164 F.2d 949, 950; Vanderpool v. Hunter, 10 Cir., 177 F.2d 716, 717; Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607.