**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Eddie Garcia QUIÑONES, Defendant.**

**Crim. No. 320–72.**

United States District Court,
D. Puerto Rico.

Feb. 6, 1973.

**1326**

Julio Morales-Sanchez, U. S. Atty., Ignacio Rivera-Cordero, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

George Lopez-Keelan (Court Appointed), San Juan, P. R., for defendant.

## ORDER

CANCIO, Chief Judge.

The defendant, Eddie García Quiñones, was indicted on August 17, 1972 for a violation of 18 U.S.C. Section 2031 for having committed the crime of rape within a Government reservation on or about May 30, 1972. The indictment also avers several other counts of assault, illegal entry, escaping custody, and robbery. At the time of the alleged commission of these acts the defendant was 17 years old.

The defendant has filed a motion to dismiss the indictment alleging that the procedure followed to indict him as an adult violates due process and the equal protection clause, that Section 5032 of 18 U.S.C. is unconstitutional, and that Section 2031 of 18 U.S.C. is unconstitutional under the doctrine of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

Section 2031 of Title 18 U.S.C. reads as follows:

> Whoever, within the special maritime and territorial jurisdiction of the United States, commits rape shall suffer death, or imprisonment for any term of years or for life.

The defendant contends that since the statute contemplates, as one of its possible punishments, the death sentence, the whole statute is unconstitutional as constituting cruel and unusual punishment. Furman v. Georgia, *supra*, cannot be cited as authority to maintain this. In *Furman*, the Supreme Court in

a short per curiam opinion held that the death penalty constituted cruel and unusual punishment in the particular cases of the three appellants before the court. Four justices [1] dissented from the result reached by the majority. Only two of the justices that concurred in the majority result would have ruled the death penalty itself as constituting cruel and unusual punishment. The rest of the majority only held that since the death penalty may at times be inflicted arbitrarily and discriminatorily on special classes or groups of accused [2] and that its imposition is left to the almost unfettered discretion of judges or juries, as such it constitutes cruel and unusual punishment.

But what is relevant to our case is the result reached by the court in the per curiam decision:

> The judgment in each case is therefore reversed *insofar as it leaves undisturbed the death sentence imposed,* and these cases are remanded for further proceedings. (Emphasis added.)

The convictions of each appellant, therefore, have not been overturned, only the death sentence in each case. The Court says nothing of the unconstitutionality of the specific statutes involved in the case of each appellant and the defendant has not shown the court that the subsequent interpretation of *Furman* has been to declare criminal statutes which contemplate the possibility of the death penalty to be unconstitutional in their entirety. Of course, the obvious effect of *Furman* on the defendant's case is that, if convicted, he cannot be sentenced to death, since Section 2031 makes the imposition of the death penalty optional.

In United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1967), the defendants were indicted, among other things, for violating the Federal Kidnapping Act, which carried the death penalty as a maximum sentence upon conviction if the *jury* so recommended it. The Court, in holding that the death penalty imposed an unconstitutional burden on the exercise of the right to trial by jury, also stated that the unconstitutional provision permitting the death penalty only in cases of jury trial is severable from the remainder of the act. The Court stated: "The appellees may be prosecuted for violating the act, but they can not be put to death under its authority." (p. 591, 88 S.Ct. p. 1221). A like result must be reached in the present case. The unconstitutionality of a part of an act does not necessarily defeat the validity of its remaining provisions. Champlin Rfg. Co. v. Commission, 286 U.S. 210, 52 S. Ct. 559, 76 L.Ed. 1062 (1931).

We turn now to defendant's contentions with respect to the constitutionality of Section 5032 of Title 18 U.S.C. which reads as follows:

> A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment, and not surrendered to the authorities of a state, shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise.

This section must be read together with Section 5031 which defines who may be treated as a juvenile under the law. Section 5031 states that:

> For the purposes of this chapter a 'juvenile' is a person who has not attained his eighteenth birthday, and 'juvenile delinquency' is the violation of a law of the United States committed by a juvenile and not punishable by death or life imprisonment.

■ It seems patently clear from these sections that a juvenile or person under the age of eighteen who has allegedly committed a crime punishable by death or life imprisonment cannot be

---

1. Chief Justice Burger, Justices Blackman, Powell and Rehnquist.

2. Such as minority groups.

proceeded against as a "juvenile delinquent" within the meaning of the law. This is so, at least as far as the life imprisonment offense is concerned.

█ The defendant maintains that for the defendant to be prosecuted as an adult, a hearing must first be held in order to satisfy the basic requirements of due process. We hold that, as far as the rape count involved, no such hearing must be held.

The defendant relies on Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) and on the recent decision of the Court of Appeals for the Fourth Circuit in Cox v. United States, —— F.2d —— (4th Cir., 1972). In *Kent* the Supreme Court decided that the Juvenile Court of the District of Columbia must hold a hearing when it waives its jurisdiction to prosecute a juvenile, under a statute permitting such a waiver. The case at bar involves a different statute [3] which grants no discretion to the Attorney General to waive prosecuting the defendant as a juvenile delinquent in cases which involve life imprisonment. This is so, since the statute does not include life imprisonment offenses under the definition of juvenile delinquency, and the Attorney General must prosecute such offenders as adults. Since there is no room for a waiver of any sort in this matter, no hearing is required to satisfy the basic requirements of due process and fairness.

Neither can the defendant rely on Cox v. United States, *supra. Cox* involved crimes which were not punishable by life imprisonment and therefore a waiver hearing by the Attorney General could presumably be said to be required. The defendant has also brought to our attention United States v. Bland, 153 U.S.App. D.C. ——, 472 F.2d 1329 (1972) which lends some authority in its dissenting opinion to the defendant's position in this case. However, we feel the majority in that case provided the correct solution. *Bland,* like *Kent, supra,* involved the District of Columbia but, unlike

*Kent,* involves a statute which excludes certain crimes from the jurisdiction of juvenile courts. The Court held that in such a situation a waiver hearing was not necessary.

█ The defendant also contends that Section 5032 violates the equal protection clause of the Constitution because it allegedly discriminates against those juveniles that are accused of some types of crimes. No authority is advanced by him which would even tend to uphold this theory of lack of equal protection. Legislative exclusion of individuals charged with certain specified crimes from the jurisdiction of the juvenile justice system is not unusual. United States v. Bland, *supra,* 48 A.L.R. 2d p. 671. The equal protection clause of the Federal Constitution does not prohibit legislative classification, as long as such a classification is reasonable, and not arbitrary, and based upon a difference having a fair and substantial relation to the object of the legislation. Hayes v. United States, 112 F.2d 417 (10 Cir., 1940). One who attacks such a classification must show it to be arbitrary, *Hayes, supra,* p. 421. (See also: 16A C.J.S. Constitutional Law § 563, p. 519, et seq.) The defendant has not carried the burden to convince the Court that Section 5032 implies an invidious discrimination nor that Congress cannot constitutionally establish the classification contained in that statute between juveniles who commit capital- or life-imprisonment offenses and other juveniles committing other types of offenses.

We are, therefore, compelled to deny defendant's motion to dismiss the indictment with respect to Count Six, which involves the violation to Section 2031 of Title 18 U.S.C. The same cannot be said in relation to the other counts in the indictment, which do not involve life-imprisonment offenses.

Because the Court is not certain of the parties positions with respect to whether the Attorney General has discretion to prosecute the remaining counts as a juvenile or as an adult, the

3. Title 18 U.S.C. Section 5032.

Court sets February 16, 1973, at 9:30 a. m. for an oral hearing on defendant's motion to dismiss with respect to the remaining counts in the indictment.

It is so ordered.