LEGISLATION — COMPLIANCE WITH ARTICLE V, SECTION 57 OF OKLAHOMA CONSTITUTION — ONE SUBJECT IN TITLE Sections 4 and 5 of Senate Bill 621, enacted by the Second Session of the Thirty-fifth Oklahoma Legislature (1976), are constitutional as the title of the Act complies with Article V, Section 57 of the Oklahoma Constitution. The Attorney General has considered your opinion request wherein you ask, in effect, the following questions: 1. Are Sections 4 and 5 of Senate Bill 621, enacted by the 1976 Legislature, lawfully reflected in the title of the Bill ? 2. If the answer to question 1 is in the negative, are any hirings done pursuant to its authority also void? Article V, Section 57 of the Oklahoma Constitution, provides in pertinent part: "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title . . ." The title of Senate Bill 621 enacted by the Second Session of the Thirty-fifth Oklahoma Legislature (1976), provides: "An act relating to state officers and employees; amending Sections 1, 2 and 3, Chapter 126, O.S.L. 1975 (74 O.S. 3601 [74-3601], 74 O.S. 3602 [74-3602] [74-3602], and 74 O.S. 3603 [74-3603] (1975)); limiting number of employees for certain agencies and support funds and defining employee; requiring certain reports; creating a State Employment Review Board; providing for membership, meetings, and authority to make certain adjustments; directing codification; providing for severability; and declaring an emergency." Your question contemplates inquiry into Section 4 of the Act, codified as 74 O.S. 803.5 [74-803.5]: "The unclassified service of the state may include, at the discretion of the appointing authority, the following offices, positions and personnel, in addition to those listed in 74 O.S. 803 [74-803] (1971), as amended, or as provided by law: "(1) Medical doctors, osteopathic physicians, dentists, and psychologists; "(2) Certified Public Accountants; and "(3) Licensed attorneys." The issue to be resolved, therefore, is whether the title to Senate Bill 621, relating to state officers and employees, is constitutionally correct within the meaning of Article V, Section 57, of the Oklahoma Constitution so as to legitimize Section 4 of the Act. The general rule regarding Article V, Section 57, was declared in Turner v. Cox, 138 Okl. 225, 28 P.2d 568 (1929), wherein the Court stated: "The provision of the Constitution (Article V, Section 57) that no law shall embrace more than one subject which shall be clearly expressed in its title, was designed to prevent (1) the joining in the same bill subjects diverse in their natures and having no necessary connection; and (2) the insertion of clauses in a bill of which the title gives no intimation." The first line of, the title of Senate Bill 621 provides that it is an Act "relating to state officers and employees". The title of the Act then amends Sections 1, 2 and 3, thereby followed by another semicolon, then limiting the number of employees for certain agencies and support funds and defining employees; requiring certain reports; creating a state employment review board; and providing for membership, meetings and authority to make certain adjustments; and then directing codification. Section 1 of the body of the bill amends 74 O.S. 3601 [74-3601]; Section 2 of the bill amends 74 O.S. 3602 [74-3602]; Section 3 of the bill amends 74 O.S. 3603 [74-3603]; Section 4 of the bill deals with the subject of this opinion request; and, Section 5 of the bill directs codification. The title of the bill provides for and directs codification; however, the only section codified is Section 4, codified as 74 O.S. 803.5 [74-803.5], thus lending credit to the inclusion of Section 4 under the broad heading "An act relating to state officers and employees". The general rule regarding the sufficiency of technicality of the title is that contained in Hanes v. United States,112 F.2d 417 (1940) (10th Circuit), wherein the Court stated: "To render an act invalid the insufficiency of the title must be clear and any doubt should be resolved in favor of the validity of the act. The title should be liberally construed; the court should not resort to critical or technical construction; and if the language of the title is reasonably susceptible to a construction which covers the provisions of the act, the construction should be adopted and the act sustained." Furthermore, in Ex parte Owen, 143 Okl. 8 (1930), the Court stated, with reference to Article V, Section 57, the following: "It is not necessary for the title to an act of the Legislature to embrace an abstract of its contents. It is sufficient if the title contains a reasonable intimation of the matters under legislative consideration. "A title need not disclose the means and instrumentalities provided in the body of the act for accomplishing its purpose. Provisions reasonably necessary for attaining the object of the act expressed in the title are considered as included in the title. It is ordinarily not feasible, nor required, that the title to an act should set forth the nature and character of the penalties for which provision is made in the body of the act. * * * "The exigencies of legislation require that this provision should not be so literally construed as to cripple the Legislature by prohibiting the insertion into laws of those matters which, though they may not be specifically expressed in the title, are proper to the full accomplishment of the object so expressed; such is presumed to have been the intention of its authors. Courts, therefore, give it a liberal construction. The insertion in a law of matters which may not be verbally indicated by the title, if suggested by it, or connected with, or proper to the more full accomplishment of the object so indicated, is held to be in accordance with its spirit; but a more liberal construction cannot be given without letting in the evils which the provision was intended to exclude. * * *" (Emphasis added) The Owen case, supra, found that a particular provision of the body of the bill was related to a clause of the title separated by semicolons. Thus, it is clear that since the title of the act contains and deals with state officers and employees Section 4 of the Act dealing with state officers and employees falls within the scope of case law sustaining the title of an act where the body of the act contains a section relating to, connected with, or proper to the accomplishment of the Act. Article V, Section 57 of the Oklahoma Constitution, requires only a general statement of the subject. The title of Senate Bill 621 fulfills that requirement. In Nelson v. State, Okl. Cr., 288 P.2d 429 (1955), Paragraph Three of the Syllabus by the Court reads in part as follows: "It is not necessary for the title to an act of the Legislature to embrace an abstract of its contents. It is sufficient, if the title contains a reasonable intimation of the matters under legislative consideration, to state the subject of the bill in general terms, and with fewest words, in accordance with general custom, to which the framers of the Constitution intended the Legislature to conform . . ." Furthermore, in Bond v. Phelps, 200 Okl. 70, 191 P.2d 938 (1948), the Oklahoma Court held that the Constitution only requires that the title of an Act should express the subject, not the object, of the Act. Likewise, in Senate Bill 621, the Act, in that it refers to state officers and employees and relates to state officers and employees, is sufficient to encompass within that title the unclassified status of professionals. The subject of the Act is state officers and employees. Section 4 relates to state officers and employees, thereby fulfilling the constitutional requirement that no law shall embrace more than one subject. In addition, in State ex rel. Oklahoma State Highway Commission v. Horn, 187 Okl. 605, 105 P.2d 234
(1940), the Court, in discussing the Highway Department, found the following: ". . . The purpose of the constitutional provision under consideration is to forbid the joining of diverse or unconnected subject in one and the same act . . . It does not require that the title of the act contain a complete abstract or index of its contents . . . The title may express the purpose or object of said law in very general terms, leaving the details in connection with the accomplishment of same to be set forth in its body . . . The language of Article V, Section 57, supra, is not to be given the strictest construction or enforced in such a manner as to cripple legislation. Unless the body of the act contains provisions that cannot be said to relate to the general subject referred to in the title and the act clearly contravenes the requirements of said section, it should not be declared unconstitutional on such ground . . ." (Emphasis added) Every section contained in Senate Bill 621 deals with the general subject referred to in the title: state officers and employees. Section 4 of the bill certainly falls within the broad subject contained in the title and, therefore, must be constitutionally upheld. The case authority is clearly weighted in support of sustaining a bill as constitutional. It appears obvious that the title relates to state officers and employees, and Section 4 of that bill also deals with state officers and employees. There is no requirement that the title of the bill specifically call for language relating to the classified or unclassified employees or officers. Therefore, in response to your first question, Sections 4 and 5 of Senate Bill 621 are lawfully reflected in the title of the bill. Since the answer to question 1 is in the affirmative, there is no need to answer your second question. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Sections 4 and 5 of Senate Bill 621, enacted by the Second Session of the Thirty-fifth Oklahoma Legislature (1976), are constitutional as the title of the Act complies with Article V, Section 57 of the Oklahoma Constitution. (J. ANGELA ABLES) (ksg)